VLADIMIR SHAPIRO ET AL. *v.* HILLSIDE VILLAGE
CONDOMINIUM ASSOCIATION, INC., ET AL.
(AC 24629)

Foti, Flynn and McLachlan, Js.

Submitted on briefs September 16—officially released October 26, 2004

*John R. Williams* filed a brief for the appellants (plaintiffs).

*Sean C. Connors* and *Rachel M. Segger* filed a brief for the appellee (named defendant).

*Brock T. Dubin* filed a brief for the appellees (defendant Alex Braylyan et al.).

*Opinion*

PER CURIAM. The plaintiffs, Vladimir Shapiro and Gina Shapiro, appeal from the judgment rendered in favor of the defendants, Hillside Village Condominium Association Inc. (Hillside), Alex Braylyan and David Braylyan, following a jury trial. On appeal, the plaintiffs claim that the trial court committed plain error when

it allowed Hillside's counsel to make a missing witness argument to the jury, pursuant to General Statutes § 52-216c, concerning witnesses who had not been proven to be available to testify. We affirm the judgment of the trial court.

The plaintiffs' action arose out of injuries and damages sustained when Vladimir Shapiro was stabbed by an unknown assailant while attending a private party hosted by the Braylyans at the Hillside clubhouse in Hamden. The plaintiffs contend that the court made an obvious and egregious error by allowing counsel for Hillside to make an improper missing witness argument that tipped the balance between the conflicting testimony of Vladimir Shapiro and Alex Braylyan.

Counsel for Hillside made the following statements in his closing argument: "What is the best evidence? How do we learn what happened that evening? We learn through testimony of witnesses. We heard from [Alex Braylyan's friend] Gene Zeldon, we heard from Katie [Fedolova], we heard from [Vladimir Shapiro]. Did we hear from [Vladimir Shapiro's friend] Igor [Bedzietskiy]? Was Igor here? We don't even know Igor's last name, but I think we found it in the police report. It's referenced in the police report. We didn't hear from Igor. The guy [Vladimir Shapiro] went to the party with. Did we hear from [Vladimir Shapiro's friend] Arsen [Grigorian]? No. He wasn't around, he didn't testify. How about [Vladimir Shapiro's friend] Vladislav [Gorman]? Didn't hear from him either. Now, let's think about this, and I heard [the plaintiffs' counsel say you should] use common sense, does it make sense. Take a minute, let's think about this. [Vladimir Shapiro] knows Igor, Vladislav, Arsen from prior—I don't know what. Prior dinner in New York City. Prior picnic that Mrs. Shapiro was certain to tell us that it was a family picnic, but yet we don't know any of their last names. Mr. Shapiro says he has a good memory for things that

matter. Well, heck, he remembered what he had for dinner at that New York City restaurant: shish cabob. But he can't remember any of the last names of the people he was with. Now, if it was ten people he was with and he remembered two last names or three last names, maybe you just know the people you talk to, but you don't remember any last names. None. You're sitting in a car with these people, you're going out to dinner with these people, you're going to a picnic with these people, you're speaking to them on the telephone, at some time you exchanged telephone numbers, but yet we don't know what their last name is. Does that make sense to you that you remember what you had for dinner, but you don't remember the people that you went to a party with, the people that you went to dinner with, the people that you went to a family picnic with, the people that after this incident you go to Eddie's Cafe two to four nights a week to learn their name? Mr. Shapiro stated he, I think he was conducting an investigation to find their last name. But he just scratched the surface when he spoke to these people. Does that make sense?"

The plaintiffs did not object to this argument at trial.[1] Therefore, they ask for review under the plain error doctrine pursuant to Practice Book § 60-5. "Review under the plain error doctrine . . . is reserved for truly extraordinary situations where the existence of the

---

[1] The plaintiffs admitted in their brief that their claim on appeal is unpreserved because of their failure to object at trial. The court and counsel engaged in a colloquy on the issue of Hillside's ability to make a missing witness argument during closing arguments. The plaintiffs' counsel stated to the court that although he did not believe an adverse inference was permissible in this case, if the court determined that the argument could be made, he would be able to make a countervailing argument to the jury. The plaintiffs did not specifically argue that the missing witnesses were not proven to be available. The court ruled that a sufficient offer of proof had been made for Hillside to meet the statutory requirements of General Statutes § 52-216c, and therefore, Hillside's counsel was allowed to make a missing witness argument to the jury.

error is so obvious that it affects the fairness and integrity of and public confidence in the judicial proceedings." (Internal quotation marks omitted.) *Nashid* v. *Andrawis*, 83 Conn. App. 115, 119–20, 847 A.2d 1098, cert. denied, 270 Conn. 912, 853 A.2d 528 (2004). This case is not one of those truly exceptional situations that warrant plain error review.

The judgment is affirmed.